### THOMAS WHITEMAN *vs.* LEWIS SLACK.

A covenant for the forthcoming of goods to be levied on at the suit of A. is broken by causing them to be levied on in the mean time at the suit of the covenantor.

☞See a full statement of the case in *William B Crawford & Co.* vs. *Lewis Slack, ante* p. 122. This suit was brought on the same instrument.

Narr in covenant. Plea, "That deft. did cause the goods and chattels of Nathan Coggins to be forthcoming according to the form and effect of the deed, &c."

On the 24th June 1831, Whiteman, being a constable of Newcastle county, held sundry executions in his hands against Nathan Coggins at the suit of Wm. B. Crawford & Co. to the amount of about $300, and being about to levy on Coggins' property the deft. Slack, with

a view to stop this proceeding, entered into an engagement for their forthcoming on the following Monday the 27th June; and executed the paper on which this suit is brought. Very early the next morning Slack and Coggins went before justice Russel, and Coggins confessed ten several judgments to Slack to the amount of $470. Executions were issued immediately on these judgments, and delivered to constable Adair, who forthwith seized and took in execution all the goods of Coggins. Adair afterwards sold the goods and applied the proceeds to Slack's executions.

*Harrington, J.,* stated the issue to the jury, and charged them that Slack having by his own act put it out of his power to perform his covenant with the plff., was liable to him. The arrangement entered into on the 24th June, between Slack and Whiteman, was professedly to save Coggins' credit. The extent of his engagement with Whiteman was to place him in the same condition in relation to these goods on Monday as he then stood in; the causing them to be levied on immediately afterwards at his own suit, was in violation of the agreement. By that levy constable Adair obtained the legal custody of the goods, and Slack had it no longer in his power to deliver them to Whiteman according to his engagement. Constable Whiteman being liable to Crawford & Co., for the amount of their executions, ought to be indemnified by this verdict.

Verdict for the plaintiff $323 94.

*Rogers,* for plaintiff.
*Booth,* for defendant.